UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER WILKERSON, | No. 2:13-cv-1518 LKK KJN P |
| Plaintiff, | |
| v. | ORDER |
| JEFFREY BEARD, et al., | |
| Defendants. | |

The Ninth Circuit Court of Appeals has referred to the undersigned the limited question whether plaintiff's in forma pauperis status should continue pursuant to the appeal of this court's dismissal of this action on January 27, 2014. See 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."). The Federal Rules of Appellate Procedure provide as follows:

> [A] party who has been permitted to proceed in an action in the district court in forma pauperis . . . may proceed on appeal in forma pauperis without further authorization unless . . . the district court shall certify that the appeal is not taken in good faith or shall find that the party is otherwise not entitled so to proceed . . . .

Fed. R. App. P. 24(a).

This court finds no reason to revoke plaintiff's in forma pauperis status. This court dismissed the action on January 27, 2014, based on plaintiff's failure to comply with a court order by failing to timely file an amended complaint. On January 30, 2014, plaintiff filed his notice of

1

1  appeal, the same day he filed an amended complaint. Plaintiff's amended complaint is signed
2  December 4, 2013; therefore, under the mailbox rule,[1] plaintiff's amended complaint is not
3  deemed timely filed, as it was due November 18, 2013.  (ECF No. 12.)  However, but for the
4  filing of plaintiff's appeal depriving this court of jurisdiction, the undersigned is inclined to
5  vacate the judgment.

6        Plaintiff's appeal appears to be neither frivolous, see Coppedge v. United States, 369 U.S.
7  438, 445 (1962) (an appeal of a nonfrivolous issue is assumed to be made in good faith), nor
8  unreasonable, see Walker v. O'Brien, 216 F.3d 626, 631 (7th Cir. 2000) ("to determine that an
9  appeal is in good faith, a court need only find that a reasonable person could suppose that the
10 appeal has some merit").  Therefore, there does not presently appear to be a basis for finding that
11 plaintiff's appeal is taken in bad faith.  See Fed. R. App. P. 24(a)(3)(A); 28 U.S.C. § 1915(a)(3).

12       Accordingly, the undersigned finds that plaintiff should be entitled to continue proceeding
13 in forma pauperis pursuant to the appeal of this action.[2]

14       DATED:  February 3, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[1] "[T]he Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), citing Houston v. Lack, 487 U.S. 266, 275-76 (1988).

[2] If plaintiff withdraws his appeal, the court is inclined to vacate the judgment and remand the action to the magistrate judge to screen the amended complaint.